[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON POST JUDGMENT MOTION FOR MODIFICATION AND DEFENDANT'S POST JUDGMENT MOTION FOR CONTEMPT
A decree of dissolution of the parties' marriage was entered January 7, 1982. On May 28, 2002, the plaintiff caused a Motion for Modification to be served upon the defendant claiming a substantial change in the plaintiff's financial circumstances. The parties were married on March 6, 1949. At the time of the decree of dissolution, the parties had been married thirty-two years. It has been twenty years since the decree of dissolution.
The plaintiff will be seventy-four years of age this month and the defendant is seventy-two years of age. At the time of the decree, the plaintiff was ordered to pay the defendant $40,000 per year by way of alimony in equal monthly installments. The plaintiff has made such payments to May 31, 2002.
The plaintiff retired in 1988. He did miscellaneous consulting work until 1992 or 1993. He had a knee replacement in 1989 and a triple by-pass heart surgery in 1996 and 1997. He describes his health as "pretty good."
The defendant did not work during the course of the parties' marriage nor has she worked since the decree of dissolution. She has had a mastectomy and chemotherapy. She has a heart murmur which she described as an "electrical problem." She also has pernicious anemia which continues to the present time. She appears in good health.
At the time of the decree, the plaintiff was employed by Atlantic Cement Company in Stamford, Connecticut as its CEO. He was earning an annual salary of $132,000 and a net of $85,000. Additionally, he had income from investments of $6,700 or $167 per week for a net of $112 per week for a total weekly income of $1,747. His weekly income now includes Social Security of $297.44, pension of $596.67 and interest and dividend CT Page 11933 income of $106.31. His net weekly income is $920 per week. In 1986 he remarried. He maintains joint accounts with his wife so that all bank accounts and security holdings are reported as one half owned by the defendant. The former marital home, valued at the time of dissolution at $330,000, then owned by the plaintiff still remains the plaintiff's home. The property is presently valued at $1,400,000. The plaintiff conveyed this property to his present wife in 1997. His total assets, then, are $244,725 and liabilities of $2,900. One and a half million of the plaintiff's assets have been transferred to his wife through the years.
The defendant's only income other than the alimony she receives is Social Security of $108 per week and income from securities of $104 per week for a total weekly income of $212. She owns her own home with a value of $400,000 and a mortgage of $54,000 and a net equity of $346,000. This comprises half of her total assets of $668,500. She lives with her fifty-five year old son who does not contribute directly to the defendant's living expenses.
The Motion for Modification is brought pursuant to the provisions of § 46b-86 (a) of the General Statutes. That provision of the statutes requires for any modification that the court find a substantial change in the circumstances of the parties. The court does find a substantial change in the plaintiff's circumstances. A modification is in order.
In considering the issue of modification of alimony the court must consider the factors set forth in § 46b-82 of the General Statutes. That provision of the statutes requires the court to consider the length of the marriage, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, and needs of each of the parties. The plaintiff seeks to have the alimony reduced to $1.00 per year. The defendant opposes such a reduction.
As previously noted, the marriage between the plaintiff and the defendant was one of thirty-two years. The stipulation entered into by the parties at the time of the decree provided for lifetime alimony. The plaintiff was then 53 years of age. At that time, one would ordinarily expect to retire in twelve years. The plaintiff seeks to reduce the alimony he pays to the defendant to $1.00 per year. Certainly, at the time of dissolution, he could not have contemplated any such reduction after a marriage of such duration.
The amount to which alimony shall be reduced in this case does not exceed the plaintiff's income. Such an award may, however, be in excess of his income thereby necessitating the depletion of assets to meet the CT Page 11934 order. Graham v. Graham, 25 Conn. App. 41 (991). The court's modification is not in excess of the plaintiff's income, but it may necessitate the expenditure of principal sums.
Having considered all of the factors of § 46b-82 of the General Statutes, the court grants the Motion for Modification and reduces the alimony from $40,000 per year to $24,000 per year. This order shall be effective from May 28, 2002, the date the plaintiff's citation was served upon the defendant. The plaintiff shall pay alimony for the months of June, July, August and September in the amount of $2,000 per month for those months. As before, the alimony shall be paid in advance for the following month. The plaintiff owes the sum of $8,000 to the defendant which shall be paid within ten (10) days of the date hereof.
The defendant's post judgment motion for contempt is denied. The court does not find an intentional and wilful violation of the court's orders.
The request for counsel fees by each of the parties is denied.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE CT Page 11935